IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CEVALLOS, | No. CIV S-07-1109-LKK-CMK |
| Plaintiff, | |
| vs. | ORDER |
| BROWER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, who is proceeding pro se, brings this civil action, apparently pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 24).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  BACKGROUND

Plaintiff's amended complaint, signed in August 2007 and filed as a single document, consists of three of this court's form civil rights complaints attached together.  Over all three forms, plaintiff names the following as defendants:  (1) Michael Gary Broner, assistant district attorney for Glenn County; (2) Angus Saint-Evens, judge of the Glenn County Superior Court; (3) Baldwin, Glenn County deputy sheriff; (4) Paulette Blakeley, Glenn County deputy sheriff; and (5) Steve Bailey, Glenn County deputy sheriff.[1]

As against defendants Baldwin and Blakeley, plaintiff claims:

> On Dec. 29, 2006, Sgt. Baldwin initiated an enforcement stop! Approximately 45 minutes later deputy Blakeley arrived at the scene! Shouldn't defendants have known when someone somehow decided to keep Sgt. Baldwin's presence from being known, someone was taking liberty unconstitutionally when Deputy Blakeley falsified an affidavit alledging [sic] information Deputy Blakeley couldn't possibly have any idea of unless someone was there to tell Deputy Blakeley what to falsify! Defendants shouldn't have ever deprived plaintiff civil liberties just to keep the Sargent's presence unknown, a clear violation of a U.S. Constitutional protection!  Defendants were acting under color of authority when violating plaintiff's civil liberties!

/ / /

---

[1] The Clerk of the Court is directed to update the docket to reflect these defendants. Specifically, the Clerk of the Court shall terminate "Unknown" and Robert S. Holzapkel as defendants and add Saint-Evens, Baldwin, Blakeley, and Bailey.  Brower should be the lead defendant.

1  Plaintiff isn't asking for preferential treatment.  Plaintiff is asking the United States District Court Justice to maintain the plaintiff's cause for justice and the restoration of the U.S. Constitution!  In the interest of justice, plaintiff doesn't feel it would be appropriate to specify damages at this time.

As against defendants Broner and Saint-Evens, plaintiff asserts:

On Mar. 3, 2007, plaintiff's civil rights claim arose against defendants! Shouldn't they have known when someone takes liberty tampering with an electronic communication device transmission a federally protected communication for intentional fraudulent scheme, willfully depriving plaintiff procedural due process and civil liberty protection!  Defendants having substantial information plaintiff's civil liberties weren't being protected shouldn't have knowingly tended to prejudice or the further prejudice of a known U.S. Constitutional civil liberty protection! Defendants in a [sic] official capacity prejudiced plaintiff under color of authority!

Plaintiff isn't asking for preferential treatment.  Plaintiff is asking the United States of America to maintain the plaintiff's cause for justice and the restoration of the U.S. Constitution!  In the interest of justice, plaintiff doesn't feel it would be appropriate to specify damages at this time.

As against defendant Bailey, plaintiff alleges:

On Mar. 10, 2007, defendant Steve Bailey in an official capacity contacted plaintiff informing victim, victim's property had been stolen!  Plaintiff assumed the defendant would investigate plaintiff's loss of property!  On April 17, 2007, defendant in an official capacity was contacted by victim, victim asked the defendant if defendant located plaintiff's property? Defendant refused to investigate or file a report of victim's losses! Shouldn't have defendant known plaintiff has U.S. Constitutional securities immunities and privileges entitling plaintiff to procedural due process and the equal protection of laws!  Defendant shouldn't have knowingly deprived plaintiff of a clear U.S. Constitutional civil liberties protection!

Plaintiff isn't asking for preferential treatment.  Plaintiff is asking to be allowed to exercise the U.S. Constitution securities immunities and privileges to maintain the plaintiff's cause for justice in the U.S. District Court room!  In the interest of justice, plaintiff doesn't feel at this time he should specify damages.

Plaintiff makes no other allegations and does not attach any exhibits to his complaint.

/ / /

/ / /

/ / /

## II.  DISCUSSION

It is not clear what the factual bases of plaintiff's complaint are.  Given that plaintiff has named as defendants a prosecutor, a judge, and various law enforcement personnel, it appears that plaintiff is challenging various aspects of a criminal conviction, presumably the conviction that resulted in plaintiff's incarceration.  It also appears that plaintiff is seeking unspecified money damages.  If true, plaintiff's claim would not be cognizable under § 1983. Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994).

It also appears that plaintiff is seeking relief from defendants who are immune from suit.  To the extent plaintiff challenges actions taken by defendant Broner in his official capacity as a prosecutor, defendant Broner would be immune.  Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state.  See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  This immunity extends to actions during both the pre-trial and post-trial phases of a case.  See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984).  State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity.  See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997). Similarly, defendant Saint-Evens would also be entitled to immunity.  Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction o their courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek

v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

Finally, the court addresses plaintiff's reference to equal protection. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate governmental purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). Plaintiff's claims do not set forth any of these requirements.

### III. CONCLUSION

Because it is possible that at least some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged

1  in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).
2  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order
3  to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended
4  complaint must be complete in itself without reference to any prior pleading.  See id.

5       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
6  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
7  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
8  each named defendant is involved, and must set forth some affirmative link or connection
9  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
10 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11      Finally, plaintiff is warned that failure to file an amended complaint within the
12 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
13 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to
14 comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
15 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

16      Accordingly, IT IS HEREBY ORDERED that:

17      1.   Plaintiff's amended complaint is dismissed with leave to amend; and

18      2.   Plaintiff shall file a second amended complaint within 30 days of the date
19 of service of this order.

DATED:  January 3, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE