IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CEVALLOS,  No. CIV S-07-1109-LKK-CMK-P

    Plaintiff,

  vs.  FINDINGS AND RECOMMENDATIONS

BALDWIN, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil action. Pending before the court is plaintiff's second amended complaint (Doc. 31), filed on March 11, 2008.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  BACKGROUND

In the first amended complaint, plaintiff named the following:  (1) Michael Gary Broner, assistant district attorney for Glenn County; (2) Angus Saint-Evens, judge of the Glenn County Superior Court; (3) Baldwin, Glenn County deputy sheriff; (4) Paulette Blakeley, Glenn County deputy sheriff; and (5) Steve Bailey, Glenn County deputy sheriff.   Plaintiff continues to name Baldwin and Blakeley in the second amended complaint, but deletes all other defendants and adds Adam Zumalt and Michael Thompson, both of whom are apparently officers with the California Highway Patrol.[1]

In the second amended complaint, plaintiff repeats many of his factual allegations concerning a traffic stop in December 2006, which he claims was improper.  He attaches to the amended complaint various documents which shed additional light on his claims.  Specifically, a Bureau of Forensic Services toxicology analysis report dated February 7, 2007, indicates that plaintiff has been charged with a criminal offense committed in December 2006.  The report also shows that his urine tested positive for methamphetamine.  He also attaches a California Highway Patrol notice to appear based on a December 2006 stop for drug-related DUI.  The notice indicates that plaintiff is "in custody."  Also attached to the amended complaint is a DUI arrest report.  Based on plaintiff's arrest, a criminal action was commenced in state court as revealed by an information attached to the amended complaint.  The indictment was filed on

---

[1] The Clerk of the court is directed to update the docket to reflect that the only defendants are:  Baldwin, Blakelely, Zumalt, and Thompson.  The Clerk of the Court shall delete all other defendants from the docket, and shall also delete reference to "Unknown."  Baldwin is the lead defendant.

1  February 15, 2007.  Finally, plaintiff attaches a cover letter from the district attorney's office
2  dated May 14, 2007, indicating that plaintiff was being provided discovery in his criminal case.
3  Plaintiff is currently incarcerated at Folsom State Prison, indicating that his state court criminal
4  case resulted in a conviction.

## II.  DISCUSSION

Plaintiff's civil rights claim is not cognizable.  When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination).  If a § 1983 complaint states claims which sound in

habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

In this case, plaintiff's civil rights claim is based on an allegedly improper traffic stop and arrest. Based on the document attached to the complaint, it is clear that the arrest resulted in a criminal prosecution which ended in a conviction. There is no indication that the conviction has been set aside or expunged. Because plaintiff's claim necessarily imply the invalidity of the underlying conviction, the claim is not cognizable in a civil rights action and the case must be dismissed without prejudice.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2008

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4